# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30556
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SUSAN MICHELLE PLATT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CR-94-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Susan Michelle Platt appeals her guilty plea conviction to possession with intent to distribute 50 grams or more of methamphetamine. In her plea agreement with the Government, Platt preserved her right to appeal the district court's denial of her motion to suppress evidence of the contraband seized from the vehicle she was driving.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30556

Platt argues that the prolonged traffic stop and search violated her Fourth Amendment rights because the officer's alleged reasons for her continued detention were insufficient to support a reasonable suspicion. She asserts that the nervousness exhibited by her and her passenger and their inconsistencies in reporting their travel plans did not justify their continued detention.

When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010). Platt does not assert that the initial traffic stop was not justified at its inception and, thus, it is necessary only to determine if the officer extended the detention based on a reasonable suspicion of further criminal activity. *See United States v. Brigham,* 382 F.3d 500, 506-07 (5th Cir. 2004) (en banc). The totality of the circumstances described by the officer, including the demeanor and behavior of Platt and her passenger, their inconsistent stories, and their prior drug criminal histories were sufficient to support a reasonable suspicion that Platt may be engaged in additional criminal activity. *See Pack*, 612 F.3d at 350-52. The length of Platt's detention was not unreasonable in light of these factors and the K-9 sweep, and the extended detention did not result in a violation of Platt's Fourth Amendment rights. *See id*. at 358.

Additionally, Platt contends that the evidence should have been suppressed because the search of her vehicle was conducted without a warrant. A warrantless search of an automobile does not constitute a Fourth Amendment violation if it is supported by probable cause. *United States v. Seals,* 987 F.2d 1102, 1107 (5th Cir. 1993). A positive alert by a trained canine creates probable cause to search a vehicle. *United States v. Sanchez-Pena*, 336

No. 13-30556

F.3d 431, 444 (5th Cir. 2003).  Once the trained K-9 dog alerted to the vehicle, the officers had probable cause to search Platt's vehicle for drugs without obtaining a warrant.  Because Platt was not under arrest at the time of the search, the officers were not precluded from searching areas that were accessible to her.  *Cf. Arizona v. Gant,* 556 U.S. 332 (2009).  The warrantless search did not constitute a Fourth Amendment violation.

Platt argues that the inconsistencies in the timing of the events cast doubt on the testimony of the officers.  The minor discrepancies in the timing of the events were explained by the testimony of the officers and the documentary evidence presented.  Platt did not present any testimony to dispute that evidence, and the magistrate judge found the testimony of the officers to be credible.  The district court's factual findings were not clearly erroneous, and it did not commit legal error in determining that there was no violation of Platt's Fourth Amendment rights.

The district court's denial of Platt's motion to suppress is AFFIRMED.